UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE A. DEBOLT, ANTHONY DUNCAN, JOSEPH WILLIAMS, CLARENCE HUFF, CARLIN THOMAS, JAMES BECK, KHALIL E. HAMID, DARRYL DANIELS, JAMES DAVIS, LARRY VANN, and WILLIE F. GORDON ,

Plaintiffs,

vs.                               Case No.  2:13-cv-420-FtM-29DNF

DR. SAWYER, DAVID WILKINS, and GEORGE SHELDON, acting under color of state law sued in individual personal or official capacity for liability to damages and injunctive relief,

Defendants.
_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon periodic review of the file.  Plaintiffs George Debolt, Anthony Duncan, Joseph Williams, Clarence Huff, Carlin Thomas, James Beck, Khalil Hamid, Darryl Daniels, James Davis, and Willie Gordon, who are civilly confined pursuant to Florida's Involuntary Civil Commitment of Sexual Predator's Act,[1] at the Florida Civil Commitment Center ("FCCC"),

---

[1]The Florida legislature enacted the Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2).  The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the
(continued...)

initiated this action by filing a Civil Rights Complaint (Doc. #1) on June 6, 2013. The Complaint generally challenges GEO's authority to implement rules and policies at the FCCC. See Complaint. Plaintiffs argue that the policies at the FCCC were not properly promulgated by the Department of Children and Families, and "Tallahassee." Id. As of the date on this Order, Plaintiffs neither paid the filing fee, nor filed motions for leave to proceed *in forma pauperis*. See docket. Based on the reasons that follow, the Court finds this action subject to dismissal, without prejudice.

---

[1](...continued)
public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997)(holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive). Civil commitment under the Act involves several steps.  First, the Act requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. See generally Fla. Stat. § 394.913.  The evaluation is conducted by a multi-disciplinary team of mental health professionals who must determine whether the individual meets the definition of a "sexually violent predator." After the evaluation, the state attorney may file a petition with the circuit court alleging that the individual is a sexually violent predator subject to civil commitment under the Act. Id.  If the judge determines that probable cause exists that the individual is a sexually violent predator, then the judge will order the individual to remain in custody. Id. § 394.915.  Thereafter, a jury trial, or a bench trial if neither party requests a jury trial, will commence. Id. If the jury finds that the individual is a sexually violent predator by clear and convincing evidence, then the individual will be committed to the custody of the Department of Children and Family Services for "control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Id. § 394.917.

**II.**

Initially, the Court notes that this action is subject to dismissal based on the Plaintiffs' failure to comply with the Court's Order and Local Rule 1.03(e). On June 6, 2013, the Court entered an Order (Doc. #4) warning Plaintiffs that pursuant to Rule 1.03(e), of the United States District Court for the Middle District of Florida Local Rules, the Clerk of Court accepts **prisoner** filings with or without the required filing fee or application to proceed *in forma pauperis*. Id. (emphasis added). However, a **prisoner** case is subject to dismissal by the Court, *sua sponte*, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action. Id. These Plaintiffs are cognizant of the requirement to accompany the filing of his action with either the filing fee or a motion to proceed *in forma pauperis*.[2] Moreover, the Court recognizes that Plaintiffs, as civil detainees at the FCCC, are not "prisoners" for purpose of the Prison Litigation Reform Act ("PLRA") and are not subject to the requirements of 28 U.S.C. § 1915(2). Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002). As such, Local Rule 1.03(e), which permits **prisoners** 30 days to pay the filing fee or submit an application to proceed *in forma pauperis* is not applicable here.

---

[2]In fact, Plaintiffs George Debolt, Anthony Duncan, Joseph Williams, Clarence Huff, James Beck, Khalil Hamid, and Willie Gordon have other civil actions currently pending in this Court challenging a specific "media" policy implemented at the FCCC.

Even if the Court were to give Plaintiffs the benefit of Local Rule 1.03(e), more than 30 days have past since Plaintiffs commenced this action and they have not complied with the rule, or the Court's Order. Consequently, this action is subject to dismissal, without prejudice, for a violation of the Court's Order and Local Rule 1.03(e).

### III.

In the alternative, the Court finds this action subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3] Despite Plaintiffs' non-prisoner statuses,[4] the Court is required to review the Complaint to determine whether the Complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiffs' *pro se*

---

[3]Assuming *arguendo* Plaintiffs intended on proceeding *in forma pauperis* since they did not pay the filing fee.

[4]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

As previously stated, the Florida legislature enacted the SVP Act in order to civilly detain sexually violent predators in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act expressly provides that DCF may "contract with a private entity . . . for operation of facilities." 394.9151. Thus, the Florida legislature has given authority to DCF to contract with GEO to operate the FCCC via State statute, which

was been deemed constitutional.  See Despart v. Kearney, Case No. 2:02-cv-4-FtM-29DNF (M.D. Fla. 2006)(discussing constitutionality of Florida's Jimmy Ryce Act, now known as the SVP Act).  In other words, GEO has the authority to implement policies and rules to operate the FCCC.  Thus, the Complaint fails to state a claim.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Court *sua sponte* dismisses the Complaint without prejudice.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __18th__ day of July, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record